UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALAN B. EICKHOFF, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-CV-00434-SRW |
| | ) |
| CITY OF FERGUSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

COMES NOW the City of Pevely (hereinafter sometimes referred to as "Pevely"), by and through its attorney Allison Sweeney, and for its Memorandum in Support of Motion to Quash, states as follows:

Plaintiff, Alan Eickhoff was employed as the Chief of Police by Pevely from 2019-2021. Pevely and Alan Eickhoff are currently engaged in litigation in Jefferson County Circuit Court, cause number 21JE-CC00724. The underlying dispute between Pevely and Alan Eickhoff stems from Mr. Eickhoff's separation from employment with Pevely. The underlying cause of action in the case at bar stems from Mr. Eickhoff's separation from employment from the City of Ferguson.

On or about March 10, 2022, the City of Ferguson served on Pevely a subpoena requesting Mr. Eickhoff's personnel records. See Exhibit 1 attached to the Motion to Quash filed herewith.  Pevely is in possession of these records, believes they are relevant to the litigation between the City of Ferguson and Mr. Eickhoff, and is able to produce said records. However, the records requested may be closed pursuant to the Sunshine Law. RSMo §610.021 states "except to the extent disclosure is otherwise required by law,

1

a public governmental body is authorized to close meetings, records, and votes, to the extent they relate to the following". RSMo §610.021(13) specifies in relevant part:

> Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and length of service of officers and employees of public agencies once they are employed as such.

Caselaw is clear that when personnel records are requested as part of a criminal prosecution, personnel records shall be produced. However, there is no caselaw on point which directs movant regarding the production of personnel records to a party engaged in civil litigation. Although litigation has just begun between Pevely and Mr. Eickhoff, Mr. Eickhoff's job performance is at issue in that litigation. It is reasonable to believe that the contents of Mr. Eickhoff's personnel file will become part of the court record during the course of that litigation.

## CONCLUSION

The City of Pevely seeks to quash the subpoena or in the alternative, prays the Court enter a finding that the otherwise closed record is subject to disclosure during the discovery process in civil litigation.

    /s/ Allison Sweeney
Allison Sweeney            #62000

Attorney for City of Pevely, Missouri
P.O. Box 20
Hillsboro, MO 63050
as@robertsweeneylaw.com
636-797-5600 - voice
636-797-4900 - fax

## Certificate of Service

The undersigned hereby certifies that on this 31st day of March, 2022, the foregoing document was filed with the Clerk of the Court using the CM/ECF System which will send notification of this filing to all attorneys of record in this matter.

  /s/ Allison Sweeney

March 31, 2022
C:\Documents\Pevely\Eickhoff\Quash_Memo.docx