UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN B. EICKHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-434 SRW |
| | ) | |
| CITY OF FERGUSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Quash filed by non-party Movant City of Pevely, Missouri. ECF No. 24. Defendants City of Ferguson, Missouri and Delrish Moss filed a motion in opposition. ECF No. 26. Movant has not filed a Reply, and the time to do so has passed.

## **Background**

Plaintiff Alan Eickhoff brings this action pursuant to the Civil Rights Act of 1991, 42 U.S.C. §§ 1981, *et seq.*, as amended, the Civil Rights Act of 1866, 42 U.S.C. §§1983, *et seq.*, as amended, Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000e, *et seq.*, as amended, and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.055, 213.111. Plaintiff asserts he was employed as the Assistant Police Chief for approximately four years at the Ferguson Police Department. Defendant Moss was the Chief of Police at all relevant times. Plaintiff alleges that in the course of his employment, he was harassed and discriminated on the basis of race and constructively discharged for reporting the harassment and discrimination.

On March 10, 2022, defendants served the City of Pevely ("Pevely") with a subpoena duces tecum seeking the "complete personnel file of Alan Eickhoff, and all other documents

related to the hiring of Alan Eickhoff as Police Chief in 2019 and the separation of Mr. Eickhoff from employment with the City of Pevely in 2021." ECF No. 24-1.

Pevely filed the instant Motion to Quash stating that it is in possession of the relevant requested records, however, it is concerned the records should not be disclosed pursuant to Missouri's Sunshine Law, which exempts certain "closed" material from the general rule that records of public governmental bodies must be made public. ECF No. 25 (citing Mo. Rev. Stat. § 610.021(13)). Among those exceptions are records concerning "individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment[.]" *Id.* at 2. Pevely claims "there is no caselaw on point which directs [M]ovant regarding the production of personnel records to a party engaged in civil litigation." *Id.* As such, Pevely seeks the Court to quash the subpoena or enter an order determining that the subpoenaed closed records are subject to disclosure. *Id.*

In response, Defendants argue the Motion to Quash should be denied because Pevely fails to meet its burden under Federal Rule of Civil Procedure 45, and has not set forth any legal rational to support its request. ECF No. 26.

**Discussion**

Federal Rule of Civil Procedure 45(d)(3)(A) instructs a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

As Defendants point out in the response memorandum, the instant Motion to Quash fails to identify any specific reason under Fed. R. Civ. P. 45 which would shield the personnel records

2

sought. Moreover, this Court has definitively held that Missouri's Sunshine Law does not shield subpoenaed records from discovery. *See Schweppe v. City of Pine Lawn*, Case No. 4:16-CV-00253-JAR, 2018 WL 623595, at *2 (E.D. Mo. Jan. 30, 2018) ("610.021 and § 610.105 do not shield the subpoenaed records from discovery"); *McKay v. City of St. Louis, Missouri*, Case No. 4:15-CV-01315-JAR, 2018 WL 2223678, at *2 (E.D. Mo. May 15, 2018) ("Missouri courts make clear that, in general, the state's prohibition on disclosure of closed records 'only extends to the *public's* access to such files, and so [Plaintiff] correctly recognizes that if the information is 'material and favorable' to his case, the Sunshine Law does not *per se* bar its admission.'") (emphasis in original) (citing *State v. Donovan*, Case No. ED 104625, 2017 WL 4782271, at *7 n.4 (Mo. Ct. App. Oct. 24, 2017), *reh'g and/or transfer denied* (Dec. 19, 2017)).

Pevely mistakenly asserts that "there is no caselaw on point which directs [M]ovant regarding the production of personnel records." ECF No 25 at 2. However, in addition to the above cited cases, this Court has explicitly explained:

> Non-party . . . moves to quash defendants' subpoena duces tecum on the ground that the information sought is "privileged" under the Missouri Sunshine Law. While the Court recognizes that Section 610.021.3 provides that the requested documents are closed and would be privileged under Missouri law, the Federal Rules of Civil Procedure apply to this matter. "Issues of privilege are matters controlled by federal rules of decision in a federal question case such as this. *See* Rule 501 Fed. R. Evid. The Missouri Sunshine Law provides no privilege from discovery in this case, although it does provide a basis for restricting disclosure to the public or to third parties of any materials ordered produced, as it reflects the public policy of the state of Missouri that the confidentiality of such materials should be maintained where possible." *Brown v. Wickerson*, Cause Number 4:92-CV-1890 CDP, Order dated February 16, 1994.

*Mayer v. City of St. Charles, Missouri*, Case No. 4:04-CV-655 HEA, 2005 WL 8176852, at *2 (E.D. Mo. Dec. 7, 2005). Therefore, the Court will deny Pevely's Motion to Quash.

3

Accordingly,

**IT IS HEREBY ORDERED** that non-party Movant City of Pevely's Motion to Quash Subpoena Duces Tecum [ECF No. 24] is **DENIED**.

Dated this 18th day of April, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE